template a dispositional hearing immediately at the time of the finding of delinquency. Quite to the contrary, the statute provides that the court may receive oral and written reports at the time of the dispositional hearing, thus implying the need to continue such hearing for the purpose of obtaining reports. The statute also specifically provides that "* * * the court may adjourn the hearing for a reasonable period to receive reports or other evidence and, in such event, shall make an appropriate order for detention of the minor or his release from detention subject to supervision by the court during the period of the continuance." Ill. Rev. Stat. 1969, ch. 37, par. 705—1(3).

Under these circumstances, we find that defendant had no statutory or other right to an immediate dispositional hearing. It appears to us that the postponement was in the best interests of the minor to permit the court to obtain a social report to aid in a proper disposition.

We find no prejudicial error in this record and the order of delinquency appealed from is, therefore, affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.

LAWRENCE ALLISON, Plaintiff-Appellant, *v.* VERNON BEECHY, JR. *et al.*, Defendants.—(STATE SECURITY INSURANCE COMPANY, Garnishee-Defendant-Appellee.)

(No. 54773;

First District—April 4, 1972.

Greenberg, Ziv & McCarthy, of Skokie, (Sherwin Greenberg, of counsel,) for appellant.

Brody & Gore, of Chicago, (Leon M. Fineberg, of counsel,) for appellee.